JEFFREY H. WOOD
Acting Assistant Attorney General
Environment and Natural Resources Division
CHERYL ANN LUKE
E-mail:cheryl.luke@usdoj.gov
Virginia State Bar No. 26331
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, DC 20044-7611
Tel. (202) 514-5466

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Civ. A. No. 2:17-cv-7836 |
| COOPER LIVING TRUST, COOPER PROPERTIES, LP, | |
| Defendants. | |

**CONSENT DECREE**

# TABLE OF CONTENTS

I.     Background ........................................................................................... 1

II.    Jurisdiction ......................................................................................... 3

III.   Parties Bound ...................................................................................... 4

IV.    Definitions .......................................................................................... 4

V.     Statement of Purpose ......................................................................... 8

VI.    Payment by Settling Defendants ...................................................... 10

VII.   Failure to Comply with Consent Decree Requirements ................... 11

VIII.  Access and Institutional Controls ................................................... 12

IX.    Covenant by Plaintiff ........................................................................ 17

X.     Reservation of Rights ....................................................................... 18

XI.    Covenants by Settling Defendants ................................................... 20

XII.   Effect of Settlement: Contribution Protection ................................. 22

XIII.  Access to Information ....................................................................... 24

XIV.   Retention of Records ........................................................................ 26

XV.    Notices and Submissions .................................................................. 27

XVI.   Retention of Jurisdiction .................................................................. 28

XVII.  Appendices ....................................................................................... 29

XVIII. Lodging and Opportunity for Public Comment ............................... 29

XIX.   Signatories/Service ........................................................................... 29

XX.    Termination Order ............................................................................ 31

XXI.   Final Judgment ................................................................................. 31

I. <u>Background</u>

A.     The United States of America ("United States" or "Plaintiff"), on behalf of the Administrator of the United States Environmental Protection Agency ("EPA"), has concurrently filed a complaint in this matter pursuant to Sections 106 and 107 of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. §§ 9606, 9607 against Cooper Living Trust and Cooper Properties, LP ("Settling Defendants").

B.     The United States in its complaint seeks, inter alia, payment of costs incurred by EPA for response actions taken or to be taken in connection with the release or threatened release of hazardous substances at and from the Cooper Drum Company Superfund Site in South Gate, Los Angeles County, California (the "Site"), and performance by defendants of certain further response actions at the Site.

C.     Settling Defendants do not admit any liability to Plaintiff arising out of the transactions or occurrences alleged in the complaint, nor do they acknowledge that the release or threatened release of hazardous substances at or from the Site constitutes an imminent or substantial endangerment to the public health or welfare or the environment.

D.     A Unilateral Administrative Order No. 2009-07 (the "Order") was issued on February 11, 2009 to the Settling Defendants and other responsible

parties in order to implement the Record of Decision ("ROD") for the Cooper Drum Site. A group of responsible parties (the "performing parties") conducted the remedial action under the Order. A Consent Decree entered on April 20, 2016 terminated the Order as to the performing parties. The Settling Defendants were not performing parties and have remained subject to the Order. The Order is being terminated with regard to the Settling Defendants pursuant to Section XX of this Consent Decree.

E.     The Site occupies one of two parcels of land owned by Settling Defendants. Settling Defendant Cooper Living Trust is the owner of the parcel which includes the Site, known as Assessor's Parcel No. 6222-005-032 in the records of Los Angeles County, California (the "Trust Parcel"). Settling Defendants Cooper Living Trust and Cooper Properties, LP are the owners of the parcel adjacent to the Superfund Site, known as Assessor's Parcel No. 6222-005-031 in the records of Los Angeles County, California (the "Property"). The Lot Lines of the Trust Parcel and the Property (collectively, "the Parcels") were adjusted in 2015 by City of South Gate, California Lot Line Adjustment No. 93. The Trust Parcel, as so adjusted, contains the real property upon which the drum reconditioning operations from which hazardous substances allegedly have been released were formerly conducted and at which the remedial action for the Site is being conducted.  The Property, as so adjusted, is subject to a contract for sale and

an escrow has been opened to facilitate the sale. The purchaser of the Property

under the contract for sale is a party to a Prospective Purchaser Agreement

("PPA") with EPA

F.     The Parties agree that Settling Defendants have a common interest in

and derive a common benefit from the undertakings and covenants of this Consent

Decree.

G.     The Parties agree, and the Court by entering this Consent Decree

finds, that this Consent Decree has been negotiated by the Parties in good faith and

implementation of this Consent Decree will avoid prolonged and complicated

litigation between the Parties, and that this Consent Decree is fair, reasonable, and

in the public interest.

NOW, THEREFORE, it is hereby Ordered, Adjudged, and Decreed:

II.     Jurisdiction

1.     This Court has jurisdiction over the subject matter of this action

pursuant to 28 U.S.C. §§ 1331 and 1345, and 42 U.S.C. §§ 9606, 9607, and

9613(b).  This Court also has personal jurisdiction over the Settling Defendants.

Venue is proper in this District pursuant to 42 U.S.C § 9613(b) and 28 U.S.C.

§ 1391(b) and (c).  Solely for the purposes of this Consent Decree and the

underlying complaint, Settling Defendants waive all objections and defenses that

they may have to jurisdiction of the Court or to venue in this District.  Settling

Defendants shall not challenge the terms of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

### III.  Parties Bound

2.     This Consent Decree applies to and is binding upon the United States and upon Settling Defendants and their heirs, successors and assigns.  Any change in ownership or corporate/partnership status of Settling Defendants including, but not limited to, any transfer of assets or real or personal property, shall in no way alter Settling Defendants' responsibilities under this Consent Decree, except as otherwise provided in this Consent Decree or approved in writing by EPA.

### IV.  Definitions

3.     Unless otherwise expressly provided herein, terms used in this Consent Decree which are defined in CERCLA or in regulations promulgated under CERCLA shall have the meaning assigned to them in CERCLA or in such regulations.  Whenever terms listed below are used in this Consent Decree or in the appendices attached hereto and incorporated hereunder, the following definitions shall apply:

"CDCPG" shall mean the Cooper Drum Cooperating Parties Group, the Respondents to the Order who are currently implementing the Remedial Action at the Site pursuant to a Consent Decree entered by this Court on April 20, 2016 in

the case of *United States of America and the State of California v. AC Products Inc. et,al.*, 2:15-cv-09931(C.D.Cal.).

"CERCLA" shall mean the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. § 9601, *et seq*.

"Certificate of Completion" shall mean EPA's written determination that the Remedial Action has been performed and that the performance standards have been achieved.

"Closing Costs" shall mean those deductions from the Purchase Price by Settling Defendants, other than the payment to Plaintiff required by Section VI of this Consent Decree, of the expenses of the sale of the Property, approved by EPA and set out in the Escrow Statement. EPA will not approve any closing cost which would reduce the Net Sales Proceeds, as defined herein below, to an amount less than $2,500,000.

"Consent Decree" shall mean this Decree and all appendices attached hereto. In the event of conflict between this Decree and any appendix, this Decree shall control.

"Contract for Sale" shall mean the Standard Offer, Agreement and Escrow Instructions for Purchase of Real Estate dated December 9, 2010 between Autumn Holding Group LLC as "Buyer" and Cooper Living Trust and Cooper Properties, LP as "Sellers", including the Addenda thereto.

"Day" shall mean a calendar day. In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or federal or State holiday, the period shall run until the close of business of the next working day.

"Effective Date" shall mean the date upon which the approval of this Consent Decree is recorded on the Court's docket.

"EPA" shall mean the United States Environmental Protection Agency and its successor departments, agencies or instrumentalities.

"Escrow Statement" shall mean that accounting of the proceeds of the Transfer prepared by the Escrow Holder identified in the Contract for Sale which shall set out the Purchase Price, the Closing Costs, the Net Sales Proceeds, and the Payment to EPA of the greater of $2,500,000 or 90% of the Net Sales Proceeds.

"Interest" shall mean interest at the rate specified for interest on investments of the EPA Hazardous Substance Superfund, compounded annually on October 1 of each year, in accordance with 42 U.S.C. § 9607(a). The applicable rate of interest shall be the rate in effect at the time the interest accrues. The rate of interest is subject to change on October 1 of each year. Rates are available online at https://www.epa.gov/superfund/superfund-interest-rates.

"Net Sales Proceeds," shall mean the total value of all consideration for the Transfer of the Property as provided in the Contract for Sale and the Escrow Statement, less Closing Costs approved by EPA.

"Order" shall mean Unilateral Administrative Order 2009-07, issued by EPA Region 9 to 43 Respondents at the Site on February 10, 2009.

"Paragraph" shall mean a portion of this Consent Decree identified by an Arabic numeral or an upper case letter.

"Parties" shall mean the United States and the Settling Defendants.

"Plaintiff" shall mean the United States.

"Purchase Price" shall mean the amount set out in the Contract for Sale to be paid by Purchaser for the Property.

"Record of Decision" or "ROD" shall mean the EPA Record of Decision for the Cooper Drum Company Superfund Site signed on September 27, 2002 by the Regional Administrator, EPA Region IX, or his/her delegate, and all attachments thereto.

"Remedial Action" shall mean the remedial action selected in the ROD.

"Response Costs" shall mean all costs, including, but not limited to, direct or indirect costs, that the United States has paid or will pay in connection with the Site, that are not inconsistent with the NCP.

"Section" shall mean a portion of this Consent Decree identified by a Roman numeral.

"Settling Defendants" shall mean Cooper Living Trust and Cooper Properties, LP.

"Site" shall mean the Cooper Drum Company Superfund Site, located in South Gate, Los Angeles County, California, and depicted generally on the map attached as Appendix A.

"Transfer" shall mean the sale of the Property pursuant to the Contract for Sale, or pursuant to any modification of the Contract for Sale approved in writing by EPA.

"United States" shall mean the United States of America and each department, agency, and instrumentality of the United States, including EPA.

"Waste Material" shall mean (1) any "hazardous substance" under Section 101(14) of CERCLA, 42 U.S.C. § 9601(14); (2) any pollutant or contaminant under Section 101(33) of CERCLA, 42 U.S.C. § 9601(33); (3) any "solid waste" under Section 1004(27) of RCRA, 42 U.S.C. § 6903(27)."Work" shall mean all activities required to be performed to implement the ROD at the Site.

V.    Statement of Purpose

4.    Objectives of the Parties.  The objectives of the Parties in entering into this Consent Decree are (1) to protect public health or welfare and the

8

environment at the Site by the implementation of and compliance with access agreements and land/water use restrictions at the Parcels by the Settling Defendants, and (2) to resolve the claims of Plaintiff against Settling Defendants, including termination of the Order, as to the Settling Defendants, by a cash payment from Settling Defendants to Plaintiff as provided in this Consent Decree. To effectuate these objectives, Settling Defendants represent that:

      a.     Settling Defendant Cooper Living Trust owns the Trust Parcel and Settling Defendants Cooper Living Trust and Cooper Properties, LP own the Property. Settling Defendants shall sell the Property pursuant to the Transfer and EPA shall receive 90% of the Net Sales Proceeds from the Transfer or $2,500,000, whichever is greater.

      b.     Settling Defendants shall make best efforts to cooperate with any persons implementing Remedial Action pursuant to the ROD under EPA's oversight, including, without limitation, the CDCPG.

      c.     At least 30 days prior to the conveyance of any interest in the Trust Parcel or, except for the Transfer, of any interest in the Property, including, but not limited to, fee interests, leasehold interests, and mortgage interests, Settling Defendants shall give the grantee written notice of this Consent Decree. At least 15 days prior to such conveyance, Settling Defendants shall also give written notice to EPA of the proposed conveyance, including the name and address of the

grantee, and the date on which notice of the Consent Decree was given to the grantee.

d.  In the event of any such conveyance, the Settling Defendants' obligations under this Consent Decree, including, but not limited to, their obligation to abide by the land/water use restrictions described in Paragraph 13, shall continue to be met by the Settling Defendants to the extent they retain control over  the Trust Parcel and/or the Property.

## VI.  Payment by Settling Defendants

5.  Settling Defendants shall complete, and cooperate in the completion of, the Transfer of the Property as provided in the Contract for Sale. Settling Defendants agree to instruct the Escrow Holder identified in the Contract for Sale to pay EPA the greater of $2,500,000 or 90% of the Net Sales Proceeds from the Transfer pursuant to the Contract for Sale as provided in the Escrow Statement.

6.  Payment shall be made at https://www.pay.gov to the U.S. EPA account in accordance with instructions to be provided by EPA.

7.  The total amount to be paid to EPA from the escrow as provided in Paragraph 5 may be deposited in the Cooper Drum Company Special Account to be retained and used to conduct or finance response actions at or in connection with the Site or may be deposited in the EPA Hazardous Substance Superfund.

## VII.   Failure to Comply with Consent Decree Requirements

8.    Interest on Late Payments.  If Settling Defendants fail to make any payment under Paragraph 5 within 30 days of the Effective Date of this Consent Decree, then Settling Defendants shall pay Interest on the unpaid balance, commencing on the date that payment is due and accruing through the date of payment.

9.    Stipulated Penalties.

a.    In addition to the Interest required by Paragraph 8, if Settling Defendants fail to remit the payment to the United States required by Paragraph 5 when due, then Settling Defendants also shall pay stipulated penalties to the United States of $1,000 per day for each day that their payment is late.  Stipulated penalties are due and payable to the United States within 30 days of the date of the demand for payment of the penalties by the United States.

b.    Penalties shall accrue as provided in this Paragraph regardless of whether EPA has notified Settling Defendants of the violation or made a demand for payment, but need only be paid upon demand.  All penalties begin to accrue on the day after payment is due and shall continue to accrue through the date of payment.

10.     Payments made under this Section shall be in addition to any other remedies or sanctions available to Plaintiff by virtue of Settling Defendants' failure to comply with the requirements of this Consent Decree.

11.     Notwithstanding any other provision of this Section, the United States may, in its unreviewable discretion, waive payment of any portion of the stipulated penalties that have accrued to the United States pursuant to this Consent Decree.

## VIII.  Access and Institutional Controls

12.     Settling Defendants shall, commencing on the date of lodging of this Consent Decree, provide the United States, its representatives, including EPA and its contractors, and any PRPs conducting response actions at the Site under EPA oversight, including without limitation the CDCPG, including their agents and contractors, with access at all reasonable times to the Trust Parcel and, to the extent that and as long as either Settling Defendant has any rights in or control of the Property, to the Property, for the purpose of conducting any response actions related to the Site including, but not limited to, the following activities:

(1)     Monitoring of investigation, removal, remedial or other response actions at the Site;

(2)     Verifying any data or information submitted to the United States;

(3)      Conducting investigations relating to contamination at or near the Site;

(4)      Obtaining samples;

(5)      Assessing the need for, planning, or implementing additional response actions at or near the Site;

(6)      Inspecting and copying records, operating logs, contracts, or other documents maintained or generated by Settling Defendants or their agents, consistent with Section XIII (Access to Information);

(7)      Assessing Settling Defendants' compliance with this Consent Decree;

(8)      Determining whether the Site or other property is being used in a manner that is prohibited or restricted, or that may need to be prohibited or restricted, by or pursuant to this Consent Decree;

(9)      Installing, monitoring, and maintaining liquid, groundwater, soil gas and other wells or probes; and

(10)    Installing, monitoring, and operating any monitoring and extraction system, including liquids and gas extraction systems.

13.    <u>Land/Water Use Restrictions.</u>  Settling Defendants shall, commencing on the date of lodging of this Consent Decree, refrain from using the Trust Parcel and the Property in any manner that would interfere with or adversely affect the

13

implementation, integrity, or protectiveness of the remedial measures implemented pursuant to the ROD.  Settling Defendants shall comply with the following land/water use restrictions on the Trust Parcel and, to the extent that and as long as either Settling Defendant has any rights in or control of the Property, on the Property:

(1)    Placement of warning signs or other posted information shall be allowed and, once posted, no removal or interference with such signs or information shall be permitted;

(2)    Placement of Site access controls, such as gates or fencing, shall be allowed and shall not be damaged or circumvented;

(3)    Use in any manner that may interfere with or affect the integrity of the Remedial Actions;

(4)    Construction not approved by EPA that impacts any of the Remedial Action components shall not occur;

(5)    No interferences with or alterations to any grading, vegetation and surface water and drainage controls which are components of the Remedial Action shall be made;

(6)    Portions underlain by Waste Materials shall not be regraded without the written consent of EPA;

(7)     Areas of asphalt or concrete pavement shall not be removed or improved without the written consent of EPA;

(8)     No new openings shall be made in building floor slabs in buildings located over Waste Materials without the written consent of EPA;

(9)     Integrity of existing and future foundations shall be maintained in areas underlain by Waste Materials;

(10)    Soil gas control systems shall not be turned off or interfered with;

(11)    Monitoring points, including but not limited to groundwater monitoring wells and soil gas probes, shall not be blocked or otherwise obstructed;

(12)    Monitoring wells shall not be opened; nothing shall be placed into the monitoring wells;

(13)    Liquids recovery systems, liquids treatment systems, and treated liquids storage facilities shall not be turned off or interfered with;

(14)    Groundwater supply or monitoring wells shall not be constructed without the written consent of EPA;

(15)    Settling Defendants shall disclose all land/water use restrictions to all tenants;

(16)    Settling Defendants shall inform EPA of the identities of all tenants;

15

(17)    During construction, excavation, or grading of any type, Settling Defendants shall take measures to ensure that there is no offsite migration of dust, odors or organic vapors.  During such activities, Settling Defendants shall take appropriate measures to protect the health and welfare of onsite personnel and workers and to prevent offsite impacts;

(18)    Settling Defendants must obtain prior written approval for all building or site modifications from EPA;

(19)    Settling Defendants shall not excavate Waste Materials;

(20)    No new construction shall occur without the prior written approval of EPA; and

(21)    Boreholes, foundation piles, or other subsurface penetrations into any area which could create conduits allowing Waste Materials to migrate to groundwater shall not be made.

14.    If EPA determines that institutional controls on the Parcels, including, but not limited to, environmental restriction covenants under state or local laws, regulations, ordinances, or other governmental controls are needed to implement the Remedial Action selected in the ROD, ensure the integrity and protectiveness thereof, ensure non-interference therewith, or otherwise protect public health or welfare and the environment, Settling Defendants shall cooperate with EPA's efforts to secure such institutional controls.

15. Notwithstanding any provision of this Consent Decree, the United States retains all of its access authorities and rights, as well as all of its rights to require land use restrictions, including enforcement authorities related thereto, under CERCLA, RCRA and any other applicable statute or regulations.

## IX.  Covenant by Plaintiff

16. <u>United States' Covenant Not to Sue.</u>  In consideration of the actions that will be performed and the payments that will be made by the Settling Defendants under the terms of the Consent Decree, and except as specifically provided in Section X (Reservation of Rights), the United States covenants not to sue or to take administrative action against Settling Defendants pursuant to Sections 106 and 107(a) of CERCLA, 42 U.S.C. §§ 9606, 9607, for response actions or response costs at or relating to the Site.  These covenants not to sue shall take effect upon the receipt by EPA of the payment required by Section VI (Payment by Settling Defendants) and any amount due under Section VII (Failure to Comply with Consent Decree Requirements). These covenants not to sue are conditioned upon the satisfactory performance by Settling Defendants of all obligations under this Consent Decree. These covenants extend only to the Settling Defendants and do not extend to any other person.

# X.    Reservation of Rights

17.    Plaintiff's Pre-certification Reservations.  Notwithstanding any other provision of this Consent Decree, the United States reserves, and this Consent Decree is without prejudice to, the right to institute proceedings in this action or in a new action, or to issue an administrative order seeking to compel Settling Defendants to perform further response actions relating to the Site and/or to pay the United States for additional costs of response if, (a) prior to certification of completion of the Remedial Action, (1) conditions at the Site, previously unknown to EPA, are discovered, or (2) information, previously unknown to EPA, is received, in whole in part, and (b) EPA determines that these previously unknown conditions or information together with any other relevant information indicates that the Remedial Action is not protective of human health or the environment.

18.    Plaintiff's Post-certification Reservations.  Notwithstanding any other provision of this Consent Decree, the United States reserves, and this Consent Decree is without prejudice to, the right to institute proceedings in this action or in a new action, and/or to issue an administrative order, seeking to compel Settling Defendants to perform further response actions relating to the Site and/or to pay the United States for additional costs of response if, (a) subsequent to certification of completion of the Remedial Action, (1) conditions at the Site, previously unknown to EPA, are discovered, or (2) information, previously unknown to EPA,

is received, in whole or in part, and (b) EPA determines that these previously unknown conditions or this information together with other relevant information indicate that the Remedial Action is not protective of human health or the environment.

19.     For purposes of Paragraph 17, the information and the conditions known to EPA shall include only that information and those conditions known to EPA as of the date the ROD was signed and set forth in the ROD for the Site and the administrative record supporting the ROD.  For purposes of Paragraph 18, the information and the conditions known to EPA shall include only that information and those conditions known to EPA as of the date of certification of completion of the Remedial Action and set forth in the ROD, the administrative record supporting the ROD, the post-ROD administrative record, or in any information received by EPA pursuant to the requirements of this Consent Decree prior to certification of completion of the Remedial Action.

20.     <u>General Reservation of Rights.</u>  The United States reserves, and this Consent Decree is without prejudice to, all rights against Settling Defendants with respect to all matters not expressly included within the United States' covenants. (Section IX Covenant by Plaintiff).   Notwithstanding any other provision of this Consent Decree, the United States reserves all rights against Settling Defendants with respect to:

a. liability for failure of Settling Defendants to meet a requirement of this Consent Decree;

b. liability for costs incurred or to be incurred by the United States that are not within the definition of Response Costs;

c. criminal liability;

d. liability for damages for injury to, destruction of, or loss of natural resources, and for the costs of any natural resource damage assessments.

XI.   Covenants by Settling Defendants

21.   Settling Defendants covenant not to sue and agree not to assert any claims or causes of action against the United States, or its contractors or employees, with respect to Response Costs and this Consent Decree, including, but not limited to:

a. any direct or indirect claim for reimbursement from the EPA Hazardous Substance Superfund based on Sections 106(b)(2), 107, 111, 112, or 113 of CERCLA 42 U.S.C. §§ 9606(b)(2), 9607, 9611, 9612, or 9613, or any other provision of law;

b. any claim arising out of the response actions at the Site for which the Response Costs were incurred, including any claim under the United States Constitution, the Constitution of the State of California, the Tucker Act, 28 U.S.C. §1491, the Equal Access to Justice Act, 28 U.S.C. § 2412, or at common

law; or

    c.  any claim pursuant to Section 107 or 113 of CERCLA,

42 U.S.C. § 9607 or 9613, Section 7002(a) of RCRA, 42 U.S.C. § 6972, or state

law for Response Costs

  22.  Nothing in this Consent Decree shall be deemed to constitute approval

or preauthorization of a claim within the meaning of Section 111 of CERCLA,

42 U.S.C. § 9611, or 40 C.F.R. § 300.700(d).

  23.  Settling Defendants agree not to assert any claims and to waive all

claims or causes of action (including but not limited to claims or causes of action

under Section 107(a) and 113 of CERCLA) that they may have for all matters

relating to the Site against any person where the person's liability to Settling

Defendants with respect to the Site is based solely on having arranged for disposal

or treatment, or for transport for disposal or treatment, of hazardous substances at

the Site, or having accepted for transport for disposal or treatment of hazardous

substances at the Site, if all or part of the disposal, treatment, or transport occurred

before April 1, 2001, and the total amount of material containing hazardous

substances contributed by such person to the Site was less than 110 gallons of

liquid materials or 200 pounds of solid materials.

XII.    Effect of Settlement: Contribution Protection

24.    Except as provided in Paragraph 20, nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of action to, any person not a Party to this Consent Decree. Except as provided in Section XI (Covenants by Settling Defendants) each of the Parties expressly reserves any and all rights (including, but not limited to, pursuant to Section 113 of CERCLA, 42 U.S.C. § 9613), defenses, claims, demands, and causes of action that it may have with respect to any matter, transaction, or occurrence relating in any way to the Site against any person not a Party hereto.  Nothing in this Consent Decree diminishes the right of the United States, pursuant to Section 113(f)(2) and (3) of CERCLA, 42 U.S.C. § 9613(f)(2)-(3), to pursue any such persons to obtain additional response costs or response action and to enter into settlements that give rise to contribution protection pursuant to Section 113(f)(2).

25.    The Parties agree, and by entering this Consent Decree this Court finds, that this Consent Decree constitutes a judicially-approved settlement pursuant to which each Settling Defendant has, as of the Effective Date, resolved liability to the United States within the meaning of Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), and is entitled, as of the Effective Date, to protection from contribution actions or claims as provided by Section 113(f)(2) of CERCLA, or as may otherwise be provided by law, for the "matters addressed" in this Consent

22

Decree. The "matters addressed" in this Consent Decree are all response actions taken or to be taken and all response costs incurred or to be incurred, at or in connection with the Site, by the United States or any other person, except for the State of California; provided, however, that if the United States exercises rights under the reservations in Section X  (Reservation of Rights by United States) Paragraph 20, other than in Paragraph 20(a) (claims for failure to meet a requirement of this Consent Decree),  or Paragraph 20(c) (criminal liability), the "matters addressed" in this Consent Decree will no longer include those response costs or response that are within the scope of the exercised reservation.

26.     The Parties further agree, and by entering this Consent Decree this Court finds, that the complaint filed by the United States in this action is a civil action within the meaning of Section 113(f)(1) of CERCLA, 42 U.S.C. § 9613(f)(1), and that this Consent Decree constitutes a judicially approved settlement pursuant to which each Settling Defendant has, as of the Effective Date, resolved its liability to the United States within the meaning of Section 113(f)(3)(B) of CERCLA, 42 U.S.C. § 9613(f)(3)(B).

27.     Each Settling Defendant shall, with respect to any suit or claim brought by it for matters related to this Consent Decree, notify the United States in writing no later than 60 days prior to the initiation of such suit or claim.

28.     Each Settling Defendant shall, with respect to any suit or claim

brought against it for matters related to this Consent Decree, notify in writing the United States within 10 days after service of the complaint or claim upon such Settling Defendant.  In addition, each Settling Defendant shall notify the United States within 10 days after service or receipt of any Motion for Summary Judgment and within 10 days of receipt of any order from a court setting a case for trial.

29.     In any subsequent administrative or judicial proceeding initiated by the United States for injunctive relief, recovery of response costs, or other relief relating to the Site, Settling Defendants shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, res judicata, collateral estoppel, issue preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States in the subsequent proceeding were or should have been brought in the instant case; provided, however, that nothing in this Paragraph affects the enforceability of the covenants not to sue set forth in Section IX (Covenant by Plaintiff).

XIII.  <u>Access to Information</u>

30.     Settling Defendants shall provide to EPA, upon request, copies of all documents and information within their possession or control or that of their contractors or agents relating to activities at the Site or to the implementation of this Consent Decree, including, but not limited to, sampling, analysis, chain of custody records, manifests, trucking logs, receipts, reports, sample traffic routing,

correspondence, or other documents or information related to the Site.

31.    Confidential Business Information and Privileged Documents.

a.    Settling Defendants may assert business confidentiality claims covering part or all of the documents or information submitted to Plaintiff under this Consent Decree to the extent permitted by and in accordance with Section 104(e)(7) of CERCLA, 42 U.S.C. § 9604(e)(7), and 40 C.F.R. § 2.203(b). Documents or information determined to be confidential by EPA will be afforded the protection specified in 40 C.F.R. Part 2, Subpart B. If no claim of confidentiality accompanies documents or information when they are submitted to EPA, or if EPA has notified Settling Defendants that the documents or information are not confidential under the standards of Section 104(e)(7) of CERCLA or 40 C.F.R. Part 2, Subpart B, the public may be given access to such documents or information without further notice to Settling Defendants.

b.    Settling Defendants may assert that certain documents, records and other information are privileged under the attorney-client privilege or any other privilege recognized by federal law. If the Settling Defendants assert such a privilege in lieu of providing documents, they shall provide the Plaintiff with the following: (1) the title of the document, record, or information; (2) the date of the document, record, or information; (3) the name, title, affiliation (e.g. company or firm), and address of the author of the document, record, or information; (4) the

name and title of each addressee and recipient; (5) a description of the subject of the document, record, or information: and (6) the privilege asserted by Settling Defendants. However, no document, report or other information created or generated pursuant to the requirements of the Consent Decree shall be withheld on the grounds that it is privileged.

32.   No claim of confidentiality shall be made with respect to any data, including, but not limited to, all sampling, analytical, monitoring, hydrogeologic, scientific, chemical, or engineering data, or any other documents or information evidencing conditions at or around the Site.

XIV.   <u>Retention of Records</u>

33.   Until 10 years after the Settling Defendants' receipt of EPA's notification, transmitted pursuant to Paragraph 35 (Notices and Submissions), of the issuance of EPA's Certificate of Completion of the Work, Settling Defendants shall preserve and retain all non-identical copies of records and documents (including records or documents in electronic form) now in their possession or control or which come into their possession or control that relate in any manner to response actions taken at the Site or liability of any person for response actions conducted or to be conducted at the Site, regardless of any corporate retention policy to the contrary.

34.     At the conclusion of this document retention period, Settling Defendants shall notify the United States at least 90 days prior to the destruction of any such records or documents, and, upon request by the United States, Settling Defendants shall deliver any such records or documents to EPA.  Settling Defendants may assert that certain documents, records and other information are privileged under the attorney-client privilege or any other privilege recognized by federal law.  If Settling Defendants assert such a privilege, they shall provide the Plaintiff with the following:  (1) the title of the document, record, or information; (2) the date of the document, record, or information; (3) the name, title, affiliation (e.g. company or firm), and address of the author of the document, record, or information; (4) the name and title of each addressee and recipient; (5) a description of the subject of the document, record, or information; and (6) the privilege asserted by Settling Defendants.  However, no document, report or other information created or generated pursuant to the requirements of the Consent Decree shall be withheld on the grounds that it is privileged.

## XV.   Notices and Submissions

35.     Whenever, under the terms of this Consent Decree, written notice is required to be given or a report or other document is required to be sent by one Party to another, it shall be directed to the individuals at the addresses specified below, unless those individuals or their successors give notice of a change to the

other Parties in writing. All notices and submissions shall be considered effective upon receipt, unless otherwise provided. Written notice as specified herein shall constitute complete satisfaction of any written notice requirement of the Consent Decree with respect to the United States, EPA, and Settling Defendants, respectively.

<u>As to the United States:</u>      Chief, Environmental Enforcement Section
                                       Environment and Natural Resources Division
                                       U.S. Department of Justice
                                       P.O. Box 7611
                                       Washington, D.C. 20044-7611
                                       Re: DJ # 90-11-2-09084

<u>As to EPA:</u>      Karen Jurist
                                         EPA Project Coordinator
                                       United States Environmental Protection Agency
                                       Region IX
                                       75 Hawthorne St.
                                       San Francisco, CA 94105
                                       Re: Cooper Drum Company Superfund Site

<u>As To Settling Defendants</u>      Michael T. Lyons
                                         Law Office of Michael T. Lyons
                                       924 Anacapa Street, Suite B-4
                                       Santa Barbara, CA 93101

XVI. <u>Retention of Jurisdiction</u>

36.    This Court retains jurisdiction over this matter for the purpose of interpreting and enforcing the terms of this Consent Decree.

# XVII. Appendices

37.     The following appendix is attached to and incorporated into this

Consent Decree:

"Appendix A" is the Map of the Site.

## XVIII.     Lodging and Opportunity for Public Comment

38.     This Consent Decree shall be lodged with the Court for a period of not

less than thirty (30) days for public notice and comment in accordance with

Section 122(d)(2) of CERCLA, 42 U.S.C. § 9622(d)(2), and 28 C.F.R. § 50.7.

The United States reserves the right to withdraw or withhold its consent if the

comments regarding the Consent Decree disclose facts or considerations which

indicate that the Consent Decree is inappropriate, improper, or inadequate.

Settling Defendants consent to the entry of this Consent Decree without further

notice.

39.     If for any reason the Court should decline to approve this Consent

Decree in the form presented, this agreement is voidable at the sole discretion of

any Party and the terms of the agreement may not be used as evidence in any

litigation between the Parties.

## XIX.  Signatories/Service

40.     The undersigned representatives of the Settling Defendants and the

Section Chief for the Environmental Enforcement Section of the Environment and

Natural Resources Division of the United States Department of Justice certify that he or she is fully authorized to enter into the terms and conditions of this Consent Decree and to execute and legally bind such Party to this document.

41. Settling Defendants hereby agree not to oppose entry of this Consent Decree by this Court or to challenge any provision of this Consent Decree unless the United States has notified the Settling Defendants in writing that it no longer supports entry of the Consent Decree.

42. Each Settling Defendant shall identify, on the attached signature page, the name, address and telephone number of an agent who is authorized to accept service of process by mail on its behalf with respect to all matters arising under or relating to this Consent Decree. Each Settling Defendant hereby agrees to accept service in that manner and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court, including, but not limited to, service of a summons. The parties agree that Settling Defendants need not file an answer to the complaint in this action unless or until the court expressly declines to enter this Consent Decree.

## XX.  Termination of Order

43. Upon entry of this Consent Decree, Unilateral Order 2009-07 is terminated as to these Settling Defendants.

## XXI. Final Judgment

44.    Upon approval and entry of this Consent Decree by the Court, this Consent Decree shall constitute a final judgment between the United States and the Settling Defendants.  The Court finds that there is no just reason for delay and therefore enters this judgment as a final judgment under Fed. R. Civ. P. 54 and 58.


SO ORDERED THIS 21st DAY OF ____December____, 2017.



_____
United States District Judge

THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of United States v. Cooper Living Trust and Cooper Properties, LP

For the United States:

10/25/17
Date

JEFFREY H. WOOD
Acting Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice
Washington, D.C. 20530

10-10-2017
Date

Cheryl A. Luke
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611

32

THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of United States v. Cooper Living Trust and Cooper Properties, LP

For EPA:

_October 12, 2017_
Date

Enrique Manzanilla
Director, Superfund Division
U.S. Environmental Protection Agency
Region IX
75 Hawthorne St.
San Francisco, CA 94105

THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of United States v. Cooper Living Trust and Cooper Properties, LP

For Settling Defendant Cooper Living Trust

_____

Date 7-31-17

For Settling Defendant Cooper Properties, LP

_____

Date 7-31-17

Agent Authorized to Accept Service on Behalf of Above-Signed Parties

_____

Date 7-31-17

34

# APPENDIX A

To Consent Decree in the Case of United States of America v,
Cooper Living Trust, Cooper Properties, LP (C.D. Cal.)



ITSI GI!.§!.!§

COOPER DRUM SUPERFUND SITE

SOUTH GATE, LOS ANGELES COUNTY, CALIFORNIA
US ENVIRONMENTAL PROTECTION AGENCY

FIGURE 2

PARCEL 1 AND PARCEL 2
RI AND RDIRA SAMPLING LOCATIONS

G:\ArcGIS\EPA\RD_Cooper_Drum\PROJECTS\Tech_Memo_2014\Figure_2.mxd    1/2/2014  [12:53 PM]    LCARR, Gilbane